IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


STAR THREE LONG BEACH, LLC                                                    PLAINTIFF


VERSUS                                          CAUSE NO. _1:18-cv-7-HSO-JCG_


VSE CORPORATION                                                              DEFENDANT


## COMPLAINT

COMES NOW the Plaintiff, Star Three Long Beach, LLC, by and through its counsel of

record, Samson & Powers, PLLC, and files this Complaint against the Defendant, VSE

Corporation, and in support thereof states as follows:

1.

Star Three Long Beach, LLC ("Plaintiff" or "Star Three") is a limited liability company

organized and existing under the laws of the State of Mississippi, with its principal place of

business located at 5 Sleepy Oaks Circle, Houston, Texas 77024.

2.

VSE Corporation ("Defendant" or "VSE") is a Delaware corporation with its principal

place of business in Alexandria, Virginia, and may be served with process by serving its

registered agent, CT Corporation, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi

39232.

3.

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §

1332 on the grounds there is complete diversity of citizenship between the parties, and the

amount in controversy exceeds $75,000, exclusive of interest and costs.

4.

The Court has personal jurisdiction over the Defendant on the grounds it is doing business in the State of Mississippi, has entered into a contract with a resident of the State of Mississippi and/or has committed a tort in the State of Mississippi.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6.

On or about January 25, 2006, VSE and John Fayard Moving & Warehousing, LLC ("Fayard") entered into a Commercial Lease ("Lease") wherein VSE leased from Fayard (3) acres of land, a 20,000 square foot shop, and a 1,500-2,000 square foot administrative office and parts shop ("leased premises"), all of which are located at 4493 A Avenue, Long Beach, Harrison County, Mississippi ("subject property").  The Lease was executed on January 25, 2006, and commenced on April 1, 2006.  A true and correct copy of the Lease between Fayard and VSE is attached hereto and marked as Exhibit "A", as required by Rule 10 of the Federal Rules of Civil Procedure.

7.

In June 2007, Star Three purchased the subject property from John Fayard.  A true and correct copy of the Warranty Deed between Star Three and John Fayard is attached hereto and marked as Exhibit "B".  As part of the real estate transaction, Fayard assigned the Lease to Star Three.  A true and correct copy of the Assignment of Rents and Leases between Fayard and Star Three is attached hereto and marked as Exhibit "C".

8.

The Lease was in full force and effect until terminated by VSE on or about March 31, 2015.

9.

VSE was obligated, *inter alia*, under the Lease as follows:

The truck wash and all component parts thereof will be considered a fixture and shall not be removed by Lessee. The paint booth and blast booth shall be removed by Lessee upon termination of this Lease and the portion of the premises containing such booths shall be returned to the condition they were in prior to Lessee's occupancy of the premises.

\* \* \* \*

Lessee will make no alternations in or to said building and will not paint any part of said building without the written consent of Lessor, or Lessor's agent, which consent shall not be unreasonably withheld, except as otherwise herein provided, and in no event shall Lessee paint sprinkler heads if sprinkler system exists on leased premises.

\* \* \* \*

Lessee will replace all plate and other glass, if and when broken; and will replace all keys lost or broken, . . . and will keep the interior of said premises in good order and condition, and will promptly repair all damage suffered as a result of freezing, stoppage or from Lessee's neglect.

\* \* \* \*

Lessee will not commit any waste of property, or permit the same to be done, and will take good care of said building and said premises at all times, and save harmless the Lessor from all damages or claims for damages for failure to do so.

\* \* \* \*

Lessee will not overload the building, its floors, roof, or walls and shall be liable for all damages to the leased property or other consequences of overloading and Lessee assumes the further responsibility to determine the extent to which the premises may be used without violating this provision.

\* \* \* \*

All improvements and additions to the leased premises shall adhere to the leased premises and become the property of Lessor, with the exception of such additions as are usually classified as furniture and trade fixtures. Said furniture and trade fixtures are to remain the property of Lessee and may be removed by the Lessee upon the expiration of this Lease, provided all terms, conditions and covenants of the within contract have been complied with by the Lessee and said Lessee restores the building and premises to its original condition, normal wear and tear excepted.

\* \* \* \*

The Lessee shall not display or erect, or cause to be painted on or affixed to, the demised premises (improvements and ground), any lettering, signs, advertisements, awnings, or other projections thereon, without the written consent of the Lessor first

sought and obtained, which consent shall not be unreasonably withheld. The Lessee's request thereof shall be in writing and shall contain such information as to the proposed lettering and/or signs as the Lessor may reasonably require.

\* \* \* \*

At the expiration of the tenancy herein created, Lessee shall surrender the leased premises in the same condition of cleanliness, repair and sightliness as the leased premises was in prior to the commencement of occupancy under this Lease, unless meanwhile repaired or improved in which event from the time of such repairs or improvements as to that portion so repaired or improved, reasonable wear and tear and damage by unavoidable casualty excepted, and shall surrender all keys for the leased premises to Lessor at the place then fixed for payment of rent and shall inform Lessor of all combination on locks, safes and vaults, if any, in the leased premises. Lessee's obligation to observe or perform this covenant shall survive the expiration or other termination of this Lease.

\* \* \* \*

In the event of employment of an attorney . . . for the institution of any suit for possession of said property, or for advice or service incident to the breach of any other condition of this Lease by the Lessee, . . . the Lessee agrees to pay and shall be taxed with a reasonable attorney's fee, which fee shall be part of the debt evidenced and secured by this Lease.

\* \* \* \*

Should the Lessee fail to make any repairs, replacements or fail to undertake any maintenance agreed to it under this Lease, the Lessor and its agents may enter the premises and make such repairs, replacements and undertake such maintenance under the same conditions hereinabove set out, and the cost thereof shall be payable by the Lessee on demand, together with interest at the highest legal rate not to exceed 10% per annum and which said sum shall be secured as additional rent under the terms of this Lease.

\* \* \* \*

Lessee shall be responsible for their prorated share of all real estate taxes attributable to the property and buildings thereon. Lessee shall be responsible for casualty insurance on the buildings and improvements leased for the full replacement value.

\* \* \* \*

Lessee shall comply with all applicable laws, rules and regulations of all governmental authorities relating to environmental matters, hazardous wastes and hazardous substances and similar matters in the use and occupancy of the Demised Premises. Lessee agrees to indemnify, defend and hold Lessor . . . harmless from any claims, judgment, damages, fines, penalties, costs, liabilities or loss, including attorneys' fees, consultants' fees and experts' fees which arise during or after the term or any Renewal Term in connection with or as a result of Lessee's breach of the foregoing representation or the presence or suspected presence of hazardous wastes or substances in the soil, groundwater, or soil vapor on or under the Demised

Premises or originating on the Demised Premises and moving elsewhere as a result
of Lessee's occupancy or use of the Demised Premises or the activities of Lessee or
its employees or agents.

(Commercial Lease, attached as Exhibit "A").

10.

VSE committed multiple breaches of the Lease, including failing to maintain the leased

premises as provided in the Lease; failing to remove certain property of VSE upon termination of

the Lease; removing improvements and additions to the leased property which belonged to Star

Three under the terms of the Lease; overloading the building, including damaging the concrete

floor inside of the building; damaging the grade of the property, including loading, parking and

storage areas; failing to restore the building and premises to its original condition upon

termination of the Lease; failing to surrender the leased premises in the condition specified in the

Lease; failing to make repairs to the leased premises; and for other breaches of the Lease as may

be proven at trial.  As a consequence of VSE's breaches, the leased premises deteriorated

substantially while under VSE's care, custody and control and is now unrentable in its current

condition and in need of substantial remediation and repairs.  Star Three made demand on VSE

to make repairs to the leased premises, but it has refused to do so.

11.

Star Three is entitled to recover all damages resulting from VSE's breaches of the Lease,

including but not limited to, the costs of remediation and repair of the leased premises,

reasonable attorneys' fees, costs and expenses, which are recoverable under the Lease, and such

other general and specific relief as set forth in the Lease and allowed under applicable

Mississippi law.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Star Three Long Beach, LLC,

prays this Court will receive and file its Complaint and will issue process in accordance with the

requirements of law, and, following a trial, this Court will enter a judgment against the

Defendant, VSE Corporation, for all breaches of the Lease in a sum to be determined at a trial on

the merits. Further, Plaintiff requests that it be awarded attorneys' fees, costs and expenses for the prosecution of this action as provided in the Lease, plus pre-judgment interest and post-judgment interest, and, if the Plaintiff has prayed for improper relief, then it prays for such other relief, whether general or specific, to which it may be entitled in the premises.

      RESPECTFULLY SUBMITTED, this the 3rd day of January, 2018.

                     STAR THREE LONG BEACH, LLC

                     BY: SAMSON & POWERS, PLLC

                     BY: */s/ Roland F. Samson, III*
                           ROLAND F. SAMSON, III
                           Mississippi Bar No. 8764

SAMSON & POWERS, PLLC
2217 Pass Road (39501)
Post Office Box 1417
Gulfport, Mississippi 39502-1417
Telephone: 228/822-1109
Facsimile: 228/822-2317
E-mail: rsamson@splawfirm.com